## Balestrino v. Balestrino

*S. V. Albo*, for petitioner.

*McMonigle, Geer & Moore*, for respondent.

DUFF, J., June 13, 1956.—This matter is before the court upon the petition of Ross Balestrino, husband of Amelia Balestrino, praying the court for an order staying a writ of fieri facias which was levied upon property owned by the parties by entireties.

The facts are that, at no. 108 July term 1955, in this court, the said husband filed an action in divorce against his wife and, in the course of said proceedings, the wife obtained an order directing the husband to pay to the wife counsel fees in the sum of $75 and alimony pendente lite in the sum of $30 per month. The husband having defaulted in payment of said obligation, the wife issued a writ of fieri facias at no. 448 July term 1955, to recover the arrearages and the writ was levied upon the entireties estate.

Pending the sale, the wife petitioned the court to fix her proportionate share of the purchase money furnished by her for the purchase of said real estate, pursuant to the provisions of the Act of May 24, 1923, P. L. 446, 48 PS §137.

Subsequent to the issuance of said execution, the husband paid the counsel fees and alimony and prayed the court to enjoin further proceedings upon the writ pending disposition of the rule.

The cited statute provides that, where a wife has procured an order or decree of court against her husband for the support of herself, it shall be lawful to issue execution on such judgment against such real estate so held by entireties and to sell the same in the manner provided by law for the sale of real estate upon execution issued on a judgment.

It further provides: "The wife shall be entitled out of the proceeds of such sale to such sum of money as represents her share in such property, based on the proportionate part of the original purchase money furnished by her for the purchase of such property. She may petition the court of common pleas of the county where such real estate is situate, either before or after the sale of such property by execution, setting forth her claim, and the said court shall fix a day to hear the same."

It is the contention of the wife that she may pursue the writ of execution irrespective of the payment of the arrearages for the purpose of recovering her full interest therein, as set forth in the said act.

We are unable to agree with this contention.

The proceeding is essentially an execution for the recovery of a judgment for support and, therefore, is governed by the law in relation thereto. Accordingly, defendant may, upon payment of the judgment and costs, discharge the levy.

We hold that the special rights conferred by the statute upon the wife arise only on a sale of property and distribution in the proceeds arising from the sale therefrom. The husband, having paid the arrearages and the costs, the judgment is accordingly satisfied.

An order will be made accordingly.